**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Clarence Kenneth Voigt, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Al Wahl, Allen C. Hoberg, and | ) | |
| Sate of North Dakota, | ) | Case No. 1:06-cv-045 |
| | ) | |
| Defendants. | ) | |

Before the Court is the plaintiff's motion for summary judgment. The defendants resist the motion. For the reasons set forth below, the plaintiff's motion for summary judgment will be denied.

**I.    BACKGROUND**

The plaintiff, who is acting pro se in this matter, has not submitted a statement of undisputed facts along with his motion as is required by Local Rule 7.1(B). As such the factual background in this case is largely unknown to the Court.

It appears from the amended complaint and answer that the plaintiff alleges violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. The plaintiff apparently requested some sort of hearing assistance be provided to him prior to a hearing before an Administrative Law Judge. The hearing was in regard to an appeal of the denial of workers compensation benefits. This request for "auxillary aids" was denied by the ALJ. There is also a vague reference in the plaintiff's brief to a claim under the State Tort Claims Act, N.D.C.C. § 32-12-04, being dismissed as untimely by the Office of Risk Management. The plaintiff requests

in his motion that the decision of the Office of Risk Management be reversed and that he be awarded $1,578,161.00. The complaint had sought $900,000.00 in damages.

## II.     STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999). A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

**III.    DISCUSSION**

The Court is at a loss to understand even basic the facts of this case. The record is wholly undeveloped. The amended complaint, which is quite vague, was filed July 5, 2006, and discovery is far from complete. The plaintiff has not submitted any affidavits or deposition testimony in support of his motion. Nor has a statement of undisputed facts been submitted. The motion it self is very difficult to understand. As the plaintiff has wholly failed in satisfying his burden of demonstrating to the Court that there are no genuine issues of material facts in dispute the motion will be denied.

**IV.    CONCLUSION**

For the reasons set forth above, the Court the **DENIES** the Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court